IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: GRAND JURY MATTER | ) ) ) ) ) ) ) ) ) | No. |

## SIGMA-ALDRICH'S PETITION FOR DISCLOSURE
## PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 6(e)

COMES NOW Sigma-Aldrich Corporation and Aldrich Chemical Company, Inc. (collectively, "Sigma-Aldrich"), by and through the undersigned counsel, and for their Petition for Disclosure Pursuant to Federal Rule of Criminal Procedure 6(e) state as follows:

### Introduction

1. Defendant Timothy Heffner ("Heffner") was indicted and charged in this Court with numerous crimes, many of which arose out of his misappropriation of property and money from Sigma-Aldrich. In early July, 2007, Heffner pled guilty to conspiracy to commit mail fraud, wire fraud and tax evasion.

2. While Heffner's illegal activities plainly caused Sigma-Aldrich damage in the millions of dollars, the precise and complete extent of the loss and damages stemming from the fraud perpetrated against Sigma-Aldrich is still unknown. In a currently pending judicial proceeding (described below), Sigma-Aldrich seeks an accounting of its misappropriated property and money. Directly relevant to that judicial proceeding are the business records of Heffner, as well as the various entities he wholly owned and operated (collectively referred to as

the "Heffner Records").[1] These documents were either confiscated by, or produced to, the United States Government, including the Internal Revenue Service, the United States Attorney's Office, and a number of other governmental entities involved in the investigation and subsequent prosecution of Heffner.

3. The Heffner Records can be further classified according to the methods used by governmental investigators to obtain them. In the course of its investigation, the United States Attorney's Office for the Western District of Pennsylvania subpoenaed records from third parties including banks, financial institutions, and other related entities (collectively referred to as "Subpoena Documents").

4. Additional documents were obtained by the Internal Revenue Service in a raid on Timothy Heffner's property (collectively referred to as "Seized Documents.")

5. Over the course of the last sixty (60) days, Sigma-Aldrich has discussed its desire to obtain from the United States Attorney's Office for the Western District of Pennsylvania the documents indirectly or directly relating to the transactions or other interactions between or among Heffner, Robert Wandler, corporate entities created by Heffner, Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation obtained by the U.S. Attorney's Office by means of its subpoena power (the Subpoena Documents) in furtherance of the prosecution of Mr. Heffner for the fraud perpetrated against Sigma-Aldrich.

6. Sigma-Aldrich does not seek any "grand jury materials" including grand jury testimony, trial transcripts, or materials prepared by the staff of the United States Attorney's Office for presentation to the grand jury in this case.

---

[1] The entities include, but are not limited to, (1) Biotechnology Corporation of America ("BCA"), (2) U.S. Chemical, and (3) Chemtech Resources.

7. Nor does Sigma-Aldrich seek the Seized Documents as described above.

8. In light of the precise scope of Sigma-Aldrich's request for the Subpoena Documents indirectly or directly relating to the transactions or other interactions between or among Heffner, Robert Wandler, corporate entities created by Heffner, Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation obtained by the U.S. Attorney's Office by means of its subpoena power exclusively, not including any documents that would be considered grand jury materials or the Seized Documents, the United States Attorney's Office for the Western District of Pennsylvania consents to the requests made by Sigma-Aldrich in this motion.

9. The Subpoena Documents are in the possession of the United States Attorney's Office for the Western District of Pennsylvania. Sigma-Aldrich has no other option but to file this Petition to obtain the Subpoena Documents because the copies are the only records currently known to exist that will provide relevant information relating to Heffner's misappropriation of Sigma-Aldrich's property. Under Federal Rule of Criminal Procedure 6(e)(3)(E), this Court has the authority to order the disclosure of these records when necessary to ensure fundamental fairness in connection with a judicial proceeding pending in a separate action.

10. By this Petition, and in accordance with the framework established by Federal Rule of Criminal Procedure 6(e)(3)(F), Sigma-Aldrich seeks disclosure of the Subpoena Documents currently in the Government's possession. Such records are believed to include: (a) documents that detail, quantify, account for, or relate to the extent of Heffner's misappropriation of Sigma Aldrich's property and money; (b) documents that detail, quantify, account for, or relate to the extent of Sigma Aldrich's loss of property and money as a result of Heffner's actions; and (c) other Heffner business-related documents in the Government's possession that

may assist Sigma-Aldrich in obtaining a full and detailed accounting of its business losses related to Heffner's fraudulent and illegal activities.

## Nature of Petition

11. Federal Rule of Criminal Procedure 6(e)(2)(B) imposes an obligation of non-disclosure of matters occurring before the grand jury, while subsection 6(e)(3) provides exceptions to the 6(e)(2)(B) obligations of nondisclosure. Fed. R. Crim. P. 6(e).

12. In particular, Federal Rule of Criminal Procedure 6(e)(3)(E)(i) provides that,

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
> (i) preliminarily to or in connection with a judicial proceeding;

Fed. R. Crim. P. 6(e)(3)(E)(i).

13. According to *In re Grand Jury Investigation*, 630 F.2d 996 (3d Cir. 1980),

> "Rule 6(e) shields solely 'matters occurring before the grand jury.' It is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process (citations omitted). The Rule is not intended 'to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury' (citation omitted). The mere fact that a particular document is reviewed by a grand jury does not convert it into a 'matter occurring before the grand jury' within the meaning of 6(e). Documents such as the business records sought by the Commission here are created for purposes independent of grand jury investigations, and such records have many legitimate uses unrelated to the substance of the grand jury proceedings.

*In re Grand Jury Investigation, supra* at 1000, citing United States v. Stanford, 589 F.2d 285, 291 (7th Cir. 1978), cert. denied 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979).

14. *In re Grand Jury Investigation* further states,

> 'When testimony or data is sought for its own sake…rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury' (citation omitted)…Access to the records should be refused only if it would compromise the secrecy of the grand jury… 'If the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need.'

*Id.* at 1001, citing *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965).

15. Sigma-Aldrich seeks disclosure of the Subpoena Documents in connection with the following ongoing judicial proceeding (the "Judicial Proceeding"):

<u>Aldrich Chemical Company, Inc. and Sigma-Aldrich Corporation v. Biotechnology Corporation of America, Chemical Intermediates, U.S. Chemical, and Chemtech Resources</u>, Court of Common Pleas of Allegheny County, No. GD-08-009726.

In the Judicial Proceeding, Sigma-Aldrich seeks a full and complete accounting of the acquisition, use and disposition of its property relative to the misconduct and crimes perpetrated on Sigma-Aldrich by Heffner and his wholly owned and operated businesses. *See* Request for Production Directed to Biotechnology Corporation of America, attached hereto as Exhibit A.

16. Sigma-Aldrich is not seeking disclosure of, or access to, any documents or other materials (*i.e.*, recordings, testimony, minutes, tapes, work product, investigative files, etc.) that were created by or in connection with any grand jury proceedings in this action. Moreover, Sigma-Aldrich is not seeking disclosure of, or access to, any documents, proceedings or deliberations of said grand jury, or a list of the documents that the grand jury reviewed.

17. Therefore, Sigma-Aldrich submits that the Subpoena Documents do not constitute "matters occurring before the grand jury" under Rule 6(e) and *In re Grand Jury Investigation*, 630 F.2d 996 (3d Cir. 1980), and that disclosure of same by the United States will not compromise the secrecy of any grand jury deliberations.

### The Subpoena Documents Do Not Constitute "Matters Occurring Before the Grand Jury"

18. Sigma-Aldrich seeks disclosure of the Subpoena Documents only for what they may show in relation to the misappropriation by Heffner, by and through his various business entities, of Sigma Aldrich's property and money. The Subpoena Documents are relevant and

will assist in the Judicial Proceeding described above because they will help illuminate the transactional history, accounting, and full extent of Heffner's fraud on Sigma-Aldrich.

19. Sigma-Aldrich seeks the Subpoena Documents in their unadulterated form—i.e., the form in which they existed prior to confiscation by, or production to, the Government. Sigma-Aldrich does not seek information regarding the use to which the documents were put in connection with the grand jury's deliberations. Accordingly, the Subpoena Documents do not constitute "matters occurring before the grand jury." *In re Grand Jury Investigation*, 630 F.2d 996 (3d Cir. 1980); *United States v. Monsour*, 508 F.Supp. 168 (W.D. Pa. 1981); *In re Grand Jury Matter*, 682 F.2d 61 (3d Cir. 1982); *United States v. Fischbach and Moore, Inc.*, 576 F.Supp. 1384 (W.D. Pa. 1983).

### Disclosure of the Subpoena Documents Will Not Compromise the Secrecy of Grand Jury Deliberations

20. The United States' disclosure of the Subpoena Documents will not intrude upon the secrecy of the grand jury proceedings.

21. The documents Sigma-Aldrich seeks exist independent of the grand jury investigation and proceedings in this matter. They were created by banks, financial institutions, and related entities for business purposes and reflect the business activities of Heffner's various entities. These documents existed before the grand jury was impaneled. They are nothing more than what Sigma-Aldrich would be entitled to subpoena from Heffner's business entities themselves were the records not in the United States' possession. Finally, permitting Sigma-Alrich access to the requested documents would not serve to forewarn any potential target of a grand jury's investigation. *In re Grand Jury Investigation*, 630 F.2d 996 (3d Cir. 1980); *United States v. Monsour*, 508 F.Supp. 168 (W.D. Pa. 1981); *In re Grand Jury Matter*, 682 F.2d 61 (3d Cir. 1982); *United States v. Fischbach and Moore, Inc.*, 576 F.Supp. 1384 (W.D. Pa. 1983).

### Sigma-Aldrich Has a Particularized Need for the Subpoena Documents

22. Sigma-Aldrich is the victim of a fraudulent scheme that caused substantial damages. Sigma-Aldrich seeks to quantify the specific extent of its losses and pursue various avenues of potential redress including possible actions against Heffner, his accomplice Robert Wandler, and certain insurance companies that have been thus far unwilling to compensate fully Sigma Aldrich for its losses.

23. The Subpoena Documents are directly relevant to the above-referenced Judicial Proceeding for the reasons discussed above. At a minimum, there is no question that the documents may lead Sigma-Aldrich to the discovery of admissible evidence. Disclosure of the Subpoena Documents is necessary to avoid possible injustice in the aforementioned Judicial Proceeding, as Sigma-Aldrich may be rendered unable to fully pursue its interests in the absence of these documents.

24. Sigma-Aldrich has narrowly structured its request to consist of only pre-existing documents, relating to the various Heffner enterprises, which are necessary for Sigma-Aldrich to fully and accurately account for its losses. Sigma-Aldrich has structured its Petition so as to protect the secrecy of the grand jury process.

25. Because the United States is the only known repository or custodian of the Subpoena Documents at this time, Sigma-Aldrich has no alternative, reasonable means of attempting to obtain copies of these documents. *In re Grand Jury Investigation*, 630 F.2d 996 (3d Cir. 1980).

### Sigma-Alrich Is Prepared To Handle Any Reasonable Logistical Issues Arising from the Disclosure of the Subpoena Documents

26. To the extent that the disclosure of the Subpoena Documents presents logistical obstacles relating to the inspection and copying of such documents, Sigma-Aldrich is prepared to

- 8 -

make those necessary and appropriate accommodations so as to avoid any inconvenience or undue burden on the Government that might result from this request.

27.     By presenting this Petition, it is not Sigma-Aldrich's desire or intent to interfere with any investigation of the United States.  Sigma-Aldrich merely seeks access to and disclosure of the Subpoena Documents indirectly or directly relating to the transactions or other interactions between or among Heffner, Robert Wandler, corporate entities created by Heffner, Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation obtained by the U.S. Attorney's Office by means of its subpoena power that are directly relevant to the Judicial Proceeding.

28.     Unless Sigma-Aldrich is provided the documents requested herein, it will be deprived of its rights of due process and equal protection of the law, as guaranteed by the United States Constitution.

WHEREFORE, Sigma-Aldrich Corporation and Aldrich Chemical Company, Inc. pray for an order granting this Petition for Disclosure Pursuant to Fed. R. Crim. P. 6(e) under such conditions as the Court may direct, and granting such other relief as the Court deems just and appropriate.

Dated: October 28, 2008            Respectfully submitted,

/s/ Charles Kelly
Charles Kelly, Pa. I.D. #51942
Christine Cosentino, Pa. I.D. #200126

KELLY HAYDEN, LLC
525 William Penn Place, Suite 3125
Pittsburgh, PA 15219
Telephone: (412) 325-0027
Facsimile: (412) 325-4157

Thompson Coburn, LLP
Gordon L. Ankney
John S. Kingston
One U.S. Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6003

Counsel for Sigma-Aldrich Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Disclosure Pursuant to Federal Rule of Criminal Procedure 6(e) was served via first-class mail, this 28th day of October, 2008 to:

Mary Beth Buchanan
Paul E. Hull
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219


Cynthia Reed Eddy
Johnson & Eddy
707 Grant Street
1720 Gulf Tower
Pittsburgh, PA 15219
Phone: 412-338-4790
Fax: 412-227-3851


Chemical Intermediates
c/o Thomas E. Sharpski, Owner
108 Pinehurst Lane
Gibsonia, PA 15044

U.S. Chemical
c/o Wesley O. Kopf, Owner
112 Ridgeview Circle
Glenshaw, PA 15116

Chemtech Resources
c/o Greg A. Schneider, Owner
436 Wimer Drive
Pittsburgh, PA 15237

         /s/ Charles Kelly
         Charles Kelly
         Counsel for Sigma-Aldrich Corp.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Petition for Disclosure Pursuant to Federal Rule of Criminal Procedure 6(e) was served via certified mail, return receipt requested, this 28th day of October, 2008 to:

> Biotechnology Corporation of America
> Timothy A. Heffner, President
> Timothy Heffner, Inmate No. 09315-068
> FCI Elkton
> Federal Correctional Institution
> P.O. Box 10
> Lisbon, OH 44432

> /s/ Charles Kelly
> Charles Kelly
> Counsel for Sigma-Aldrich Corp.