IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
                          )
                          )
IN RE: GRAND JURY MATTER  )  Miscellaneous No. 08-303
                          )
                          )
```

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a petition for disclosure pursuant to Federal Rule of Criminal Procedure 6(e) filed by Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation ("movants").[1]  Movants seek disclosure of certain business records subpoenaed by a grand jury which currently are in the custody of the United States Attorney's Office. Movants request an order from this court requesting immediate production of these documents directly to movants. For the following reasons, the court finds that the requested records are not "grand jury matters" within the meaning of Rule 6(e). However, the court also concludes that it has no authority to order that these documents be turned over directly to movants. Accordingly, the petition for disclosure will be denied.

---

[1]    Also before the court is a *pro se* motion to deny the petition for disclosure filed by Timothy Heffner. As Cynthia Reed Eddy, Esq., has filed a brief on defendant's behalf, Heffner's *pro se* motion will be denied as moot.

In February of 2007, a grand jury returned a fifteen-count indictment against Timothy Heffner charging him with various fraud and tax offenses.  The charges arose from an investigation into the activities of Heffner, the sole owner and stockholder of BioTechnology Corporation of America ("BCA"), and Robert Wandler, an employee of movant Sigma Aldrich.  The investigation revealed that Heffner and Wandler engaged in a scheme to defraud Sigma Aldrich.  Basically, Heffner would purchase Sigma Aldrich chemicals from Wandler at sharply reduced prices, then sell products back to Sigma Aldrich at steeply inflated prices.

Heffner subsequently entered a plea of guilty to three of the fifteen counts and was sentenced by this court to a term of imprisonment of 18 months.  He also was ordered to pay restitution in the amount of $2,116,956.00, of which Heffner at the time of sentencing had already paid $1,977,956.00, leaving a restitution balance of $139,000.00, owed jointly and severally with Wandler.[2]

Movants have filed a petition for disclosure pursuant to Fed. R. Crim. P. 6(e).  Specifically, movants seek disclosure of certain business records and other documents detailing transactions between Heffner, Wandler and others which had been subpoenaed by the government and which currently are in the

---

[2]    Wandler initially was indicted in this district but his case ultimately was transferred to the Eastern District of Wisconsin.

2

custody and control of the United States Attorney's Office. Movants seek these records in connection with an action for accounting filed in the Court of Common Pleas of Allegheny County to determine the extent of their losses caused by the criminal conduct of Heffner and Wandler.  The government has no objection to disclosing the documents to movants if the court should so order.  Heffner, however, through Cynthia Reed Eddy, Esq., objects to any disclosure.

It long has been established that the proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings.  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979).  To that end, the secrecy provision of Rule 6(e)(2) prohibits the disclosure of a "matter occurring before the grand jury," subject to certain exceptions set forth in Rule 6(e)(3).  One of those exceptions authorizes the disclosure of "a grand-jury matter preliminarily to or in connection with a judicial proceeding."  Fed. R. Crim P. 6(e)(3)(E)(i).

As a threshold inquiry, this court must determine whether the documents at issue qualify as "matters occurring before the grand jury" within the meaning of Rule 6(e).  If not, then they are not entitled to secrecy and Rule 6(e) is inapplicable. Although movants have moved for disclosure under Rule 6(e), they argue in the first instance that the documents at issue are not

3

grand-jury matters.³ Upon review of the parties' briefs and the applicable case law, this court finds that the documents at issue do not constitute "matters occurring before the grand jury" within the meaning of Rule 6(e).

As the Third Circuit has recognized, "[t]he mere fact that a particular document is reviewed by a grand jury does not convert it into a 'matter occurring before the grand jury' within the meaning of 6(e)." In Re Grand Jury Investigation, Appeal of New Jersey State Commission of Investigation ("SCI"), 630 F.3d 996, 1000 (3d Cir. 1980). Thus, when documents are created for purposes independent of grand jury investigations and have legitimate uses unrelated to the substance of grand jury proceedings, their mere review by a grand jury does not convert them into "grand-jury matters" within the meaning of Rule 6(e). Id.; see also In Re Grand Jury Matter, Appeal of Catania, 682 F.2d 61, 64 (3d Cir. 1982) (requested information existed apart from and was developed independently of grand jury process).

---

³    Movants argue in the alternative that even if the documents at issue could be construed as "grand-jury matters", they nevertheless fall within the exception set forth in Rule 6(e)(3)(E)(i). Having concluded that the documents are not matters occurring before a grand jury, the court need not address the issue of whether movants have established a particularized need for the documents such that disclosure would be authorized under the Rule 6(e)(3)(E)(i) exception.

4

Here, the documents at issue were subpoenaed by the grand jury from numerous business entities. These records were not created by or for the grand jury but existed prior to the investigation and were created for independent purposes that had nothing to do with the grand jury. Accordingly, they do not constitute "matters occurring before the grand jury" within the meaning of Rule 6(e).

On Heffner's behalf, Attorney Eddy argues that the documents at issue in fact are "grand-jury matters" protected by grand jury secrecy and, therefore, may not be disclosed absent a showing of particularized need under Rule 6(e)(3)(E)(i). Attorney Eddy suggests that due to the "breadth and lack of specificity" of the movants' request disclosure of the documents would reveal the substance of the grand jury investigation. See, e.g., United States v. Stanford, 589 F.2d 285, 291 n. 6 (7th Cir. 1978) (a general request for all documents collected or received in connection with grand jury investigation would disclose grand jury proceedings); Fund for Constitutional Government v. National Archives and Records Service, 656 F.2d 856, 869 (D.C. Cir. 1981) (secrecy protects from disclosure grand jury transcripts as well as information which would reveal identities of witnesses or jurors, substance of testimony, strategy or direction of investigation, deliberations or questions to jurors).

5

However, the court does not believe that the movants' request in this case is overly broad or lacks specificity. The movants have requested only subpoenaed documents and limited those documents to those which relate solely to Heffner's fraudulent conduct, not to the tax offenses for which he also was indicted, and these documents were created prior to, and independently of, the grand jury investigation. Movants also do not seek any documents seized from Heffner's home pursuant to a search warrant nor do they seek any grand jury transcripts, any lists of witnesses or any documents or memoranda prepared by or for the grand jury investigation. As so limited, it cannot be said that disclosure of the requested subpoenaed documents in any way would reveal the substance of the grand jury investigation such that they would be entitled to secrecy protection under Rule 6(e). Cf., United States v. Rogan, 2005 WL 2861033 (N.D. Ill., October 27, 2005) (reports, analyses, summaries, workpapers, records and witness interview notes of all federal investigators and attorneys relating to grand jury investigation were "matters occurring before the grand jury").

Having found that the documents at issue are not grand-jury matters, the question arises as to what should be done with them. Movants request that the court order the documents be provided directly to them. However, the court believes that it has no authority to order the documents be delivered to movants.

6

Instead, the documents should be returned to the parties from whom they were subpoenaed as the documents belong to them, not to the court, not to the government and surely not to the movants.

The two cases cited by movants in support of their position that the documents should be provided directly to them are inapposite. In SCI, supra, at the time of the request for disclosure the documents still were in the possession of the grand jury. As the appellate court noted in SCI, records in the possession of a grand jury are considered records of the court. 630 F.2d at 998. Similarly, in Catania, supra, the motion for disclosure filed by the government was done "at the request of the federal grand jury sitting in conjunction with the investigation." 682 F.2d at 62.

Here, however, the requested documents are no longer in the possession of the grand jury, whose term long ago expired and which no longer is in existence; therefore, the documents cannot be considered records of the court. Rather, the documents currently are in the possession of the government, which has no reason to retain them as Heffner's criminal case is closed and the records can no longer be used as evidence and in no way could be considered contraband. Accordingly, as the documents in question no longer are court records, the court retains no authority to order those documents be delivered to any third

7

party.  At the status conference held in this matter, counsel for the government indicated that the normal procedure is to return subpoenaed documents to their owners after there no longer is a use for them.  The government should follow that procedure here.

For the foregoing reasons, the court finds that while the documents in question are not "matters occurring before a grand jury" and are not subject to the secrecy protection of Rule 6(e)(2), the court nevertheless has no authority to order that they be turned over to movants, who have no ownership rights to them.  The petition for disclosure therefore must be denied.

Notwithstanding that, the fact remains that movants were the victims of a massive criminal fraud perpetrated by Heffner and Wandler and suffered a tremendous financial loss as a result.  In sentencing Heffner for that crime, in addition to a term of imprisonment, the court ordered him to make restitution to the victims in the amount of loss which could be calculated and specified at that time, in accordance with the policy of the law to procure full restitution to crime victims.  18 U.S.C. §3663A.

It would be inconsistent with that policy if our ruling that we do not have the authority to order the government to deliver the documents in question to anyone but the owners from whom they were subpoenaed also was construed to prohibit the

8

government, in the spirit of that restitution policy, from cooperating with the victims of the criminal fraud by <u>providing them with sufficient information</u> concerning the description and ownership of the documents to enable the victims to seek discovery orders from the court where the accounting suit is pending.

Therefore, consistent with the foregoing ruling, the government may, but is not obliged to, provide the foregoing described information concerning the subpoenaed documents to the victim/movants.

An appropriate order follows.


<u>ORDER</u>

AND NOW, this ___2nd___ day of February, 2009, upon due consideration of the Petition for Disclosure pursuant to Fed. R. Crim. P. 6(e) filed by Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation, IT IS ORDERED that said motion (Document No. 1) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that Timothy Heffner's motion to deny petition for disclosure (Document No. 6) be, and the same hereby is, **denied as moot**; and,

9

IT FURTHER IS ORDERED that the government return the documents subpoenaed in this case to the entities from whom they were subpoenaed within 30 days of the date of this order.

Gustave Diamond
United States District Judge

cc:   Paul E. Hull
      Assistant U.S. Attorney

      Charles Kelly, Esq.        .
      Christine Cosentino, Esq.
      Kelly Hayden LLC
      525 William Penn Place, Suite 3125
      Pittsburgh, PA 15219

      Cynthia Reed Eddy, Esq.
      J. Alan Johnson, Esq.
      Johnson & Eddy
      707 Grant Street
      1720 Gulf Tower
      Pittsburgh, PA 15219

10

AO 72
(Rev. 8/82)